IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gloria D. Pankey,                               Case No. 3:09 CV 2863

            Plaintiff,            MEMORANDUM OPINION
                                AND ORDER
-vs-
                                JUDGE JACK ZOUHARY
Walter T. Myers, et al.,

            Defendants.

Plaintiff *pro se* Gloria Pankey filed this case against Walter and Robin Myers, identified as "Statutory Agents for the True Church of God of the Apostolic Faith (the "True Church"), alleging Plaintiff is the heir of the late Bishop Eli Berry Williams, the founder of the True Church. The Complaint recounts discord between "Defendant" and Bishop Williams in 1975, and alleges, among other things, that "Defendant" appropriated property belongings of Bishop Williams after the latter died in 1976, and "used Bishop Williams' establishment, name and the congregation of the True Church of God for their own monetary gain" (Doc. No. 1, Complaint, ¶ 17). Plaintiff asserts jurisdiction based on 28 U.S.C. § 1955, and seeks monetary and injunctive relief.

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are not required to "conjure up questions never squarely presented to them." *Id.* To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court

from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting a basis for this Court's jurisdiction. The statute cited by Plaintiff does not exist in the United States Code. Further, because all parties live in Ohio, there is no diversity jurisdiction, nor is there any indication of a federal question. This action is therefore appropriately subject to summary dismissal. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)

Accordingly, this action is dismissed for lack of subject matter jurisdiction.

In light of this ruling, Plaintiff's Motion for Leave to File Electronically (Doc. No. 2) and Defendants' Motion to Dismiss and for Sanctions (Doc. No. 3) are denied as moot (this Court noting that Defendants also raise the jurisdictional issue in their Motion to Dismiss.)

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 30, 2009